IROQUOIS RUBBER COMPANY, Respondent, *v.* A. RAY
GRIFFIN, Defendant, and STANLEY MATHES, Appellant.

**Partnership — liability of copartners — when a member of
a partnership is not liable for debts incurred for supplies pur-
chased by one who is his copartner but for the benefit and use
of another firm of which the latter was also a member.**

Plaintiffs brought this action against defendants to recover for
automobile supplies claimed to have been furnished them. The
defendant, who appeals, while admitting that he and his co-defendant
were co-agents, or partners, for the *sale* of automobiles, denies that they
were partners for any other purpose or that the supplies were furnished
to the partnership. The denial also raised the issue as to whether
the special partnership or business was such as to impliedly authorize
the co-defendant to purchase automobile supplies. It appeared that
one of the orders given plaintiff was on a letterhead of the firm. *Held*,
that it was error to direct a verdict for defendant for the amount of
such order and that considering the nature of the agency, the letter-
heads, the business as previously conducted and as explained by this
defendant, the question whether the partnership was merely to sell
automobiles or whether it included their fixing and repair, thus
requiring accessories, was for the jury, and hence it was error to
refuse to charge that in order to hold the defendant, appellant, liable
on the account set up in this action, the goods delivered and the
credit given must be within the scope of the business in which he was
held out to be a partner.

*Iroquois Rubber Co.* v. *Griffin*, 175 App. Div. 968, reversed.

(Argued April 17, 1919; decided April 29, 1919.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,
entered November 24, 1916, affirming a judgment
in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Sanford T. Church* for appellant. The authority of
Griffin is necessarily limited by law to transactions within
the scope and object of the partnership. (*Wills* v.
*March*, 30 N. Y. 344; *Cochraft* v. *Claflin*, 64 Barb. 464;

*Union Nat. Bank* v. *Underhill,* 102 N. Y. 336; *F. & M. Bank* v. *B. & D. Bank,* 16 N. Y. 125.)

*Gurdon W. Fitch* for respondent.

CRANE, J.   The Iroquois Rubber Company of Buffalo, New York, sold to Mathes and Griffin of Albion, New York, in 1913 auto supplies consisting of gas burners, tank washers, magneto cable, engine paint, etc., amounting to $513.67 on which has been paid $148.06, leaving a balance due of $365.61.   A. Ray Griffin, one of the defendants, was in the garage business under the name of Oakland Garage of Albion.   Stanley Mathes was not in the garage business or connected with the Oakland Garage.   He and Griffin constituted the firm of Mathes and Griffin, agents of the Oakland automobile to sell Oakland automobiles.   They also sold second-hand cars.

The plaintiff brought this action against the firm to recover for the automobile supplies furnished, and the defendant Mathes, while admitting that he and Griffin were co-agents, or partners, for the *sale* of automobiles, denied that they were partners for any other purpose or that the supplies were furnished to the partnership.   The denial also raised the issue as to whether the special partnership or business was such as to impliedly authorize Mathes to purchase automobile supplies.

The plaintiff has recovered in the courts below and the appeal is brought here by the defendant Mathes upon exceptions to the judge's charge.

The testimony showed that a purchase of $139.22 was made by Griffin in March of 1913 at the plaintiff's store, and that the balance of the bill, $227.79, was purchased in the following May by a written order on the letterhead of the defendants.   Witnesses for the plaintiff said that Mathes was with Griffin in the store at the time of the March purchase and was introduced as Griffin's partner.   This was denied by the defendant.

There was no evidence as to the May order except as it appeared in the letter sent. A copy of this letter is not in the record and the circumstances of the purchase are not given. The defendant did not sign the letter and knew nothing about these transactions, according to his testimony. He says further that none of the articles thus purchased were ever received by him or by his firm, and if this testimony be true the fair inference is that they went to Griffin for his personal use in the Oakland Garage.

The plaintiff says that as agents for the Oakland car the firm had no office, but had sold a few cars, both new and second-hand. The case is lacking of any evidence that the firm, as selling agents, repaired cars, had a place of business or used automobile accessories. In the absence of any evidence as to the nature of the business it cannot be assumed as a matter of law that a selling agent carries on repair work or has need for automobile accessories. Especially would this be so where it appears that one of the partners in the selling agency conducts a separate and distinct business of an automobile garage, and that the other partner never ordered or received the goods and, by his testimony, had no occasion for them.

These brief statements make it clear, therefore, that an issue of fact was presented for the jury as to whether they believed the testimony of Mathes, and if they did, whether the partnership with Griffin was such as authorized him to purchase the bill of goods from the plaintiff.

Mathes would be liable if Griffin's purchases were within the scope of his partnership agency, actual or as represented by Mathes, and not otherwise. This was a question for the jury and not for the court.

In its charge, the learned court said:

"But the only actual partnership which the plaintiff proved to exist between Mathes and Griffin was one for the handling of the Oakland automobiles. As far as their actual business between themselves was con-

cerned it does not appear that their partnership extended any further than that. So there is no proof of a general partnership which would authorize Mr. Griffin to charge Mr. Mathes by reason of the fact that they were in a general partnership."

But the court went further and held, as a matter of law, that as the May order was sent upon a letterhead reading, " Mathes and Griffin, dealers in ten different makes of autos; a full line of used cars," Mathes was bound to pay for the goods so ordered.

" I have no doubt," said the judge to the jury, " that I am justified in saying to you that from and after May 6, 1913, Mr. Mathes is chargeable for the goods purchased by Mr. Griffin in the name of Mathes and Griffin from the plaintiff in this action regardless of whether there was any partnership between Mr. Mathes and Mr. Griffin or not. * * * Your duty in this case is to find a verdict for the plaintiff, either for the full amount — $367.01 if you think that Mr. Mathes was in the store on the 13th of March, 1913, and heard Mr. Griffin say that they were partners in the automobile business, or for $227.79 if you do not find that he was in the store on March 13th, 1913, and heard Mr. Griffin say that he and Mr. Mathes were partners in the automobile business."

The judge, by this charge, directed a verdict for the amount of the May purchase, because it was ordered on the letterhead of the defendants, and this representation of the business authorized Griffin's act.

We think that this circumstance was but evidence to be considered by the jury together with the testimony of the defendant Mathes in determining the litigated facts as above stated. The issue litigated and which should have been submitted to the jury was the scope of the partnership business as it actually existed or as represented by Mathes, and the authority of Griffin who made the purchases, to bind Mathes by his acts.

Considering the nature of the agency, the letterheads,

the business as previously conducted and as explained by this defendant, was the partnership merely to sell automobiles or did it include their fixing and repair, thus requiring accessories? This was for the jury.

Another request should also have been charged. It was this:

" I ask your Honor to charge the jury that in order to hold the defendant Mathes liable on this account set up or claimed in this action, the goods delivered and the credit given must be within the scope of the business in which he was held out to be a partner."

The court ruled:

" I decline to charge otherwise on that subject because I do not think the question is further involved in the case. It is true as an elementary proposition of law, but I do not think it affects this case in any way."

In the light of what we have here stated, the exceptions taken to this refusal and to the direction of a verdict require a reversal of this judgment.

The amount involved is not large as litigation goes; the plaintiff has waited a long time for its money, and the case is very simple, but the law still remains that a man who enters into a partnership for only one purpose is not liable for the purchases of the other partner unless used in that business or the articles are of the kind usually and customarily bought for such an undertaking existing or as represented to exist.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Judgment reversed, etc.